IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| KANISHA SANDERS,<br><br>       PLAINTIFF,<br><br>vs.<br><br>METROPOLITAN HEALTH,<br>CORPORATION dba METRO HEALTH<br><br>       DEFENDANT. | CIVIL ACTION NO. _____<br><br>HON. |

*A prior case was filed by Plaintiff, 1:23-cv-923, which was dismissed without prejudice.*

## COMPLAINT

PLAINTIFF, KANISHA SANDERS, by and through her attorneys, Carla D. Aikens, P.L.C., submits the following Complaint and Demand for Trial by Jury against METROPOLITAN HEALTH, CORPORATION dba METRO HEALTH.

## JURY DEMAND

COMES NOW PLAINTFF, and hereby makes her demand for trial by jury.

## JURISDICTION

1. At all times relevant to this complaint, PLAINTIFF KANISHA SANDERS was a resident of Kent, County in the State of Michigan.

2. DEFENDANT METROPOLITAN HEALTH, CORPORATION dba METRO HEALTH is a domestic for-profit corporation, which has a place of business at 2122 Health Drive Wyoming, Michigan, 49519.

3. This action is brought in this Court on the basis of federal question jurisdiction, pursuant to Title VII of the Civil Rights Act of 1964, 42 USC 2000e et seq, and 42 USC 1981.

1

4. Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

## VENUE

5. Venue is proper in the Western District of Michigan pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment discrimination giving rise to Plaintiff's claims occurred in this District.

## STATEMENT OF FACTS

6. Plaintiff began working for Defendant as a Medical Assistant on November 8, 2021.

7. Upon hire, Plaintiff was subjected to racial comments from employees such as "Aunt Jemima," derogatory "Black Lives Matter" comments, and use of the n-word.

8. Around the end of February 2022, Plaintiff talked to Sherry Brown, Supervisor Pulmonary Services, about her concerns about her coworkers using racially insensitive language. Sherry's response was for her to talk to someone of African American decent named Myisha Gill.

9. On March 7, 2022, Plaintiff texted Mrs. Gill her concerns and Mrs. Gill's response was for Plaintiff to set up a meeting with human resources ("HR"). Plaintiff set an appointment up with Erin Kujawski, HR Director.

10. On March 28, 2022, Plaintiff had her meeting with Ms. Kujawski, where she once again expressed her concerns.

11. Although Plaintiff had notified her Supervisor and HR Director, they failed to take corrective or remedial actions and the racial comments continued.

12. Ms. Kujawski told Plaintiff that she can talk to another Medical Assistant who was of African descent and ask her how she overcame obstacles while working at UOM. The Medical Assistant declined to talk to Plaintiff.

13. On April 22, 2022, Sherry, Brian, and Erin had a meeting with Plaintiff to discuss her attendance and cell phone use.

14. Plaintiff felt she was being harassed because non-African-American employees were excused from the same matters for which Defendant would reprimand Plaintiff.

15. From April to May, Plaintiff asked several Supervisors and HR Representatives for her attendance points and never heard back nor received the same.

16. On August 16, 2022, Sherry, Brian, and Erin had a meeting with Plaintiff to discuss a patient and during that meeting Plaintiff was put on suspension.

17. On August 29, 2022, Erin and Brian called Plaintiff and terminated her employment due to their "zero tolerance" policy.

18. Plaintiff was falsely accused of mishandling a patient, although they did not find any evidence during their investigation, and for her attendance.

19. On December 20, 2022, Plaintiff filed a charge of discrimination with the EEOC against Defendant.

20. On June 2, 2023, the EEOC issued Plaintiff a right to sue letter and this lawsuit followed.

## COUNT I
## RETALIATION IN VIOLATION OF TITLE VII

21. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

22. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, Title VII, as amended.

23. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

24. Defendant's conduct, as alleged herein, violated Title VII which makes it unlawful to harass or retaliate against an employee for engaging in protected activity.

25. Plaintiff engaged in protected activity, as more fully laid out in the statement of facts, including, but not limited to when Plaintiff protested and reported harassment to human resources.

26. Defendant, through its agents, had knowledge that Plaintiff engaged in protected behavior because she reported the issue directly to agents of Defendant.

27. After Plaintiff engaged in protected activity, Defendant's agents thereafter took adverse employment actions against Plaintiff, as alleged in the statement of facts.

28. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

29. Plaintiff notified Defendant and its agents of the unwelcomed conduct and communication; however, Defendant failed to remedy the same.

30. As a proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

31. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

32. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT II
## RETALIATION IN VIOLATION OF THE ELCRA

33. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

34. At all material times, Plaintiff was an employee, and Defendant was her employer covered by, and within the meaning of, the ELCRA.

35. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

36. Defendant's conduct, as alleged herein, violated the ELCRA which makes it unlawful to retaliate against an employee who has engaged in protected activity.

37. Plaintiff engaged in protected activity, as more fully laid out in the statement of facts, including, reporting to human resources the inappropriate harassing behavior by her co-workers.

38. Defendant, through its agents, had knowledge that Plaintiff engaged in protected behavior because she reported the issue directly to agents of Defendant.

39. After Plaintiff engaged in protected activity, Defendant's agents thereafter took adverse employment actions against Plaintiff, as alleged in the statement of facts.

40. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

41. Plaintiff notified Defendant and its agents of the unwelcomed conduct and communication; however, Defendant failed to remedy the same.

42. As a proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

43. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

44. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT III

## RETALIATION IN VIOLATION OF 42 USC § 1981

45. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as if fully set forth herein.

46. 42 USC § 1981 prohibits individuals from intentionally discriminating and retaliating against persons who engage in protected activity, including reporting and opposing unlawful acts of race discrimination, in the making and enforcement of contracts.

47. Defendant's discrimination against Plaintiff as described above is in violation of the rights of Plaintiff afforded to her by the First Amendment and the Civil Rights Act of 1866, 42 USC § 1981, as amended by the Civil Rights Act of 1991.

48. By the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as are enjoyed by individuals who do not report discrimination, and those who are non-African American, to the creation, performance, enjoyment, and all benefits and privileges of their contractual employment relationship with Defendant, in violation of 42 USC § 1981.

49. Plaintiff engaged in activity protected by 42 USC § 1981 when she complained of and opposed unlawful racial discrimination.

50. The retaliation by Defendant that Plaintiff experienced included her low scorimg performance review and her termination.

51. The actions of Defendant and its agents were willful, intentional, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

52. As a direct and proximate result of those actions, the terms, conditions, and privileges of Plaintiff's employment were adversely affected, and Plaintiff was unlawfully terminated.

53. But for Defendant's unlawful discrimination against Plaintiff for opposing racial discrimination, Plaintiff would not have suffered damages as set forth herein including her termination.

54. As a direct and proximate result of Defendant's wrongful acts, Plaintiff sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, loss of fringe and pension benefits, outrage and humiliation, mental anguish, anxiety about their future, physical and emotional distress, loss of professional reputation and loss of the ordinary pleasures of everyday life.

## COUNT IV

### RACIAL DISCRIMINATION IN VIOLATION OF 42 USC § 1981

55. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as if fully set forth herein.

56. 42 USC § 1981 prohibits employers from intentionally discriminating against individuals, including employees, in the making and enforcement of contracts.

57. Defendant's discrimination against Plaintiff as described above is in violation of the rights of Plaintiff afforded to her by the U.S. Constitution and the Civil Rights Act of 1866, 42 USC § 1981, as amended by the Civil Rights Act of 1991.

58. By the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as are enjoyed by individuals who are non-African American, to the creation, performance, enjoyment, and all benefits and privileges of their contractual employment relationship with Defendant, in violation of 42 USC § 1981.

59. The intentional discrimination on the basis of Plaintiff's race by Defendant that Plaintiff experienced included offensive communication, mocking her, and making jokes about her.

60. The actions of Defendant and its agents were willful, intentional, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

61. As a direct and proximate result of those actions, the terms, conditions, and privileges of Plaintiff's employment were adversely affected, and Plaintiff was unlawfully terminated.

62. As a direct and proximate result of Defendant's wrongful acts, Plaintiff sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, loss of fringe and pension benefits, outrage and humiliation, mental anguish, anxiety about their future, physical and emotional distress, loss of professional reputation and loss of the ordinary pleasures of everyday life.

## COUNT V

**DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e et seq. ("Title VII")**

63. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

64. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, Title VII, as amended.

65. Defendant's conduct, as alleged herein, violated Title VII of the Civil Rights Act of 1964, which makes it unlawful to harass or discriminate an employee on the basis of that employee's race.

66. Plaintiff is an African American woman, and, as a result, is a member of a protected class pursuant to Title VII.

67. Plaintiff was subjected to offensive communication and/or conduct on the basis of her membership in this protected class.

68. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

69. The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts.

70. As a proximate result of the Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

71. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

72. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT VI

**DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 et seq. ("ELCRA")**

73. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

74. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, ELCRA.

75. Defendant's conduct, as alleged herein, violated the ELCRA, which makes it unlawful to harass or discriminate an employee on the basis of that employee's race or skin color.

76. Plaintiff is an African American woman, and, as a result, is a member of a protected class pursuant to ELCRA.

77. Plaintiff was subjected to offensive communication and/or conduct on the basis of her membership in this protected class.

78. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

79. The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts.

80. As a direct and proximate result of the Defendant's wrongful acts and omissions, Plaintiffs have sustained loss of earnings, earning capacity, and fringe benefits and have suffered mental anguish, emotional distress, humiliation and embarrassment, and loss of professional reputation.

81. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT VII

**HOSTILE WORKPLACE ENVIRONMENT IN VIOLATION OF THE ELCRA**

82. Plaintiff incorporates by reference all allegations in the proceeding paragraphs.

83. At all material times, Plaintiff was an employee, and Defendant was an employer covered by, and within the meaning of the ELCRA.

84. A respondeat superior relationship existed because Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and/or the authority to direct Plaintiff's daily work activity, as alleged throughout this complaint.

85. Defendant's conduct, as alleged herein, violated the ELCRA, which makes it unlawful to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

86. Defendant intentionally created an environment, more fully laid out in the statement of facts and herein the complaint, in which Plaintiff was subjected to harassment.

87. Defendant knew specifically of Plaintiffs mistreatment because she made complaints.

88. This type of conduct was intended to, and did interfere with Plaintiffs employment, and created an intimidating, hostile, or offensive work environment, as alleged in the statement of facts.

89. Defendant's hostile work environment was culminated intentionally, with malice, or with reckless indifference to Plaintiffs rights.

90. But for Defendant's illegal discrimination and retaliation, and the environment that that discrimination and retaliation created, Plaintiff would not have been damaged nor terminated.

91. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

92. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

93. Plaintiff requests relief as described in the Prayer for Relief below

# **RELIEF REQUESTED**

PLAINTIFF, KANISHA SANDERS, respectfully requests that this Honorable Court enter judgment against Defendant as follows:

1. Compensatory damages in whatever amount to which Plaintiff is entitled;
2. Exemplary damages in whatever amount which Plaintiff is entitled;
3. An award of lost wages and the value of fringe benefits, past and future;
4. An award of interest, costs, and reasonable attorney fees; and
5. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated:  December 20, 2023          Respectfully Submitted,

CARLA D. AIKENS, P.L.C.

/s/ Carla D. Aikens
Carla D. Aikens (P69530)
615 Griswold St., Ste. 709
Detroit, MI 48226
carla@aikenslawfirm.com
*Attorneys for Plaintiff*